PORCHE'S        *Butler* for the plaintiff, *Turner* for the defen-
HEIRS          dants.
*vs.*
POYDRAS.

—————

### PORCHE'S HEIRS vs. POYDRAS. *

Decisory oath   *By the Court*, MATHEWS, *J. alone*.   This
cannot be ten-  action was originally instituted in the Parish
dered in this
territory.      Court of Point Coupee on a writing subscribed
by the defendant.

IN the course of the proceedings the plaintiffs
appealed to the conscience of the defendant, and
required him to support his plea of payment by
his oath. On his doing so, the Parish Judge gave
judgment against the plaintiffs.

THE defendant's counsel contends that this
mode of a party being interrogated by his adver-
sary and compelled to answer on oath or refer the
oath to his adversary, on the point in dispute, is
authorised by the civil law, and that the oath thus
taken by one of the parties, called *juramentum
decisorium*, is conclusive.

THE oath, according to the principles of the
Roman law, can be tendered in two ways : either
by the judge, where the scales of evidence being
poised, he is permitted to satisfy his conscience
by an appeal to that of one of the parties ; or

* This case and the following were determined at a
preceding term. The opinion of the court is extracted
from the minutes.

Spring 1811.
II. District.

Porche's
heirs
vs.
Poydras.

when one of them tenders it to the other, with a view to the proof of a fact important to the prosecution or defence.   But if the fact respecting which the oath is tendered, be immaterial to the success of the party who proposes it, the judge will reject the application.

If the present suit had been prosecuted according to the rules of practice, which governed the tribunals of this country under the Spanish government, the production of the writing under the signature of the defendant, acknowledged by the pleadings, would have entitled the plaintiffs to an immediate execution, or it would have had the force of a judgment, *aparejada executoria,* in the language of those tribunals.

On an order of seizure being awarded the defendant might have opposed the proceedings by a plea of payment.   In this case the solution of the question, payment or no payment, would have rendered the establishment of the fact of payment a point necessary to the defendant, in his defence only, not at all important to the plaintiffs, in the prosecution of their right. If the defendant, therefore, had refused to answer, nothing could have been taken for confessed or admitted.

In this view of the case, I think the oath was improperly tendered, and the plaintiffs could not have been compelled to take or refer it—that it is a nullity, and affords no evidence.

But, proceeding according to the acts of the

SPRING 1811. legislature of this territory, it appears to me the
II. District. parties cannot give evidence in any suit, except by
MAGDELEINE answer to interrogatories, under the act of 1805,
*vs.*
MAYOR. C 6. which virtually repeals all rules relating to
the decisory oath.

JUDGMENT FOR THE PLAINTIFFS.